**LaKeith L. McCOY, aka LaKeith LeRoy McCoy, Plaintiff–Appellant,**

v.

**Toni Carel O'NEILL, in individual capacity; et al., Defendants–Appellees.**

No. 14–56334.

United States Court of Appeals, Ninth Circuit.

Submitted June 22, 2015.[*]

Filed July 2, 2015.

Lakeith L. McCoy, Tehachapi, CA, pro se.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

California state prisoner LaKeith L. McCoy, a.k.a. LaKeith LeRoy McCoy, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his criminal trial transcript. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir.2013). We affirm.

Dismissal of McCoy's action was proper because McCoy failed to allege facts sufficient to show that defendants violated his constitutional rights. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir.2011) (to establish § 1983 liability, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States); *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be construed liberally, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent that McCoy seeks a new trial or alleges that his conviction was invalid, dismissal was proper because success in this action would necessarily demonstrate the invalidity of McCoy's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 80–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)).

McCoy's contentions regarding his ability to file objections and to obtain discovery are unpersuasive.

**AFFIRMED.**